NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS DELUCCIA,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF PATERSON, et al.,<br><br>                    Defendants. | Civil Action No.: 09-703 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES**, District Judge.

   This matter comes before the Court on Plaintiff's appeal of Magistrate Judge Hammer's Order denying Plaintiff's application for access to Defendants' internal affairs files (the "December 1, 2011 Order"). The Court has considered the submissions of the parties and for good cause shown, Plaintiff's appeal is denied.

   A United States Magistrate Judge may hear and determine any [non-dispositive] pretrial matter pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(A). The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Therefore, "this Court will review a magistrate judge's findings of fact for clear error." Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co.,

333 U.S. 364, 395 (1948)).  The district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. Bowen v. Parking Auth. of City of Camden, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002).  "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review."  Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000).

In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion.  See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion").  "This deferential standard is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'"  Lithuanian Commerce Corp., 177 F.R.D. at 214 (quoting Pub. Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993), aff'd on other grounds and rev'd on other grounds, 50 F.3d 1239 (3d Cir. 1995)). However, a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo.  See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Lo Bosco, 891 F. Supp. at 1037.  A ruling is "contrary to law" when the magistrate judge has misinterpreted or misapplied the applicable law.  Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

In his December 1, 2011 Order, Magistrate Judge Hammer denied Plaintiff's application to review internal affairs files relating to police officers and supervisory officials other than the officers alleged to have been directly involved in the conduct alleged in this excessive force, false

arrest, and malicious prosecution matter. Plaintiff's Brief in Support of Appeal ("Pl. Brief") at 1. Rather, Magistrate Judge Hammer ordered Defendants to release a "Privilege Log" containing 1) a description of facts or circumstances surrounding each complaint; 2) any injuries alleged to have been suffered by the complainant; and 3) the names of the complainants. Id. Further, the Order limited discovery on prior notice as to notices of claims, lawsuits, and notices of disciplinary action for a period of three years, as opposed to the five years requested by Plaintiff. Id. Plaintiff claims this Order denies him the requisite discovery required to maintain an action under 42 U.S.C. § 1983 as articulated by Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978). Further, Plaintiff alleges that the three year limitation on discovery limits his ability to established the "deliberate indifference" standard.

Plaintiff claims that Judge Hammer improperly relied upon Dawson v. Ocean Township, Slip Copy 2011 WL 890692 (D.N.J. March 14, 2011). In Dawson, a case nearly identical to the instant matter, the Court reasoned that because of the burden that such a discovery request would place on Defendant, a privilege log was an appropriate remedy. Specifically, the Court wrote "the confidentiality of Internal Affairs filed pursuant to the Attorney General Guidelines and the assertion of governmental privilege by Defendants weight against immediate production." Id. at 23. Plaintiffs contend that Judge Hammer should have instead relied upon Torres v. Kuzniasz, 936 F. Supp. 1201 (D.N.J. 1996) wherein a Judge determined that the City of Camden had to release all internal affairs records for a period of eight years in an excessive force and false arrest case. However, the Court notes that neither Dawson nor Torres is controlling upon Judge Hammer or this Court as both are magistrate decisions in District Court cases.

Plaintiffs have failed to cite any binding authority for the proposition that internal affairs files for officers not directly related to the incident in question must be produced in discovery.

Where there is no controlling rule, a Magistrate Judge is afforded great discretion and his decisions will only be reviewed by this Court for abuse of same. In this case, it is clear that Judge Hammer's decision is not clearly erroneous as he was guided by an analogous and valid district court decision. That Plaintiff would have preferred Judge Hammer to rely on different authority, does not constitute an abuse of discretion.

Accordingly, **IT IS** on this 15th day of March, 2012

**ORDERED** that Plaintiff's appeal of Magistrate Judge Hammer's December 1, 2011 Order is **DENIED**.

**SO ORDERED.**

s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE